494

DONATO MARTÍNEZ ET AL., Petitioners and Appellants, *v.* CASTO RAMÍREZ, WARDEN OF THE DISTRICT JAIL OF HUMACAO, Respondent and Appellee.

No. 9097. Argued February 1, 1945.—Decided February 9, 1945.

*Donato Martínez* and *Pablo Cruz, pro se.* R. A. *Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Donato Martínez and Pablo Cruz were convicted by a jury in the District Court of Humacao and on May 23, 1941, they were sentenced to serve 2 years and 6 months and 1 year and 6 months of imprisonment in the penitentiary, respectively, for the crime of an attempt to kill.

On September 22, 1944, that is, 3 years and 3 months after defendants were sentenced, the lower court, upon being

informed that there was no showing in the record of the case that they had appealed to this court from the judgment or that they had furnished any bond, ordered the imprisonment of the defendants to begin serving their sentence. The defendants then filed a petition for habeas corpus and alleged that the imprisonment was illegal, 1st, because they had appealed from the judgment to this Court and had furnished bond on appeal; and 2d, because they had not been duly and properly represented by counsel. After the writ was issued and the hearing held, the lower court rendered judgment dismissing the petition. The petitioners have taken the present appeal.

■■ Even though the appellants were notified that the judgment roll had been filed in the office of the Secretary of the Supreme Court since January 19, 1945, the appellants have not filed their brief setting forth the reasons or grounds of their appeal. Nor have they filed the transcript of the evidence introduced in the lower court. This would be a sufficient ground for the dismissal of the appeal. However, since this is a habeas corpus proceeding, we have carefully examined the judgment roll, and in the return to the writ originally issued by the lower court the warden of the jail stated in part as follows:

"That the above-mentioned petitioners were committed to this jail on May 23, 1941, to serve sentence of TWO YEARS AND SIX MONTHS OF IMPRISONMENT IN THE PENITENTIARY by Donato Martínez and ONE YEAR AND SIX MONTHS by Pablo Cruz, Case No. 14110, for the crime of an ATTEMPT TO KILL rendered on May 29, 1941, to the effect that the prisoners Donato Martínez and Pablo Cruz had filed an appeal from the judgment rendered against them by this Hon. Court on May 23, 1941. Whereupon the petitioners were held in custody awaiting trial disposition of their use (*sumariados*). That on June 9, 1941, Pablo Cruz, and on June 10, Donato Martínez, were released from custody after having furnished bond on appeal."

In view of the surrounding circumstances, we must assume that the lower court dismissed the petition for habeas

corpus herein because from the record of the criminal case there was no showing of the notice of appeal or of the bond mentioned in the return. Nevertheless, these facts present a situation which can not and should not be ignored by this court.

The facts set forth in the return of the warden of the jail are taken from official documents appearing in the personal record of the defendants when they were confined in said institution. It appears therefrom that the warden received a letter from the then Clerk of the District Court of Humacao, Mr. Mariano Acevedo Zeno, wherein it was stated that the defendants, petitioners herein, had taken an appeal to the Supreme Court on *May 29*, 1941, and further that on *June 9 and 10*, 1941, they had furnished bond on appeal. In view of these official documents, the warden discharged the defendants. If said official documents do not appear from the original record of the criminal case of the lower court the situation presents two alternatives: 1st, either these documents existed and were misplaced, through the negligence of the clerk of the court at that time, thereby injuring the rights granted by our laws to every defendant who appeals from a judgment rendered against him, or the right of the People of Puerto Rico to timely move for the dismissal of the appeal; or 2d, said documents never existed and the notice served on the warden of the jail by the then clerk of the lower court is false and, consequently, the petitioners herein have been illegally at large for more than 3 years. In our opinion, this matter should be clarified through the proper investigation to be carried out by the Attorney General.

The appeal should be dismissed and the judgment appealed from affirmed.